IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOHN IACONA and
ROBERT WEYMOUTH,

    Appellants,

    v.

HOMETOWN REHOBOTH BAY, LLC,

    Appellee.

:
:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. S17A-04-001 RFS

FILED PROTHONOTARY
SUSSEX COUNTY
2020 AUG -6 A 10: 16

## ORDER

Submitted: 7/23/2020
Decided: 8/6/2020

Olga K Beskrone, Esq., 100 W. 10th Street, Suite 801, Wilmington DE 19801, Attorney for Appellants.

Michael P Morton, Esq., 3704 Kennett Pike, Suite 200, Greenville DE 19807, Attorney for Appellee.

## I. **INTRODUCTION**

Before the Court is Hometown Rehoboth Bay, LLC's[1] ("Appellee") Motion to Strike and John Iacona and Robert Weymouth's (collectively, "Appellants") appeal from the decision of the arbitrator. For the reasons that follow, the Court affirms the arbitrator's decision and denies Appellee's Motion to Strike.

## II. **FACTUAL AND PROCEDURAL HISTORY**

Appellants are homeowners in Hometown Rehoboth Bay, a manufactured housing community owned by Appellee.

---

[1] Appellee is a Delaware limited liability company, which manages Hometown Rehoboth Bay.

Appellee had increased the rent for 2017 for increased costs incurred during the 2015-2016 year related to capital improvements and rehabilitation work in the community, and other cost increases in managing, operating, and maintaining the community.[2] A final meeting was held and Appellee provided the homeowners with justification for the increase.[3]

Appellants opposed the rent increase and sought arbitration. After giving both sides an opportunity to present their arguments, the arbitrator concluded that a rent increase of $76.32 per month plus a CPI-U[4] amount of 0.6% was justified. The final amount was approximately a 25% reduction in the rent increase imposed by Appellee. The arbitrator concluded that Appellee met its burden to disclose all material factors to Appellants pursuant to 25 *Del. C.* § 7043(b).[5] The arbitrator further concluded that Appellee met its burden in demonstrating the portion of the rent increase based on changes in the costs of insurance and property taxes; however, he concluded that Appellee did not meet its burden with respect to changes in reasonable operating and maintenance expenses.

The arbitrator determined Appellee failed to meet the burden for costs relating to the trash truck repair, the new maintenance vehicle, the pool/beach picnic area upgrades, the driveway repair and replacement, and the lift station repairs. The arbitrator determined Appellee met its burden for part of the pier walkway project, the playground equipment, and the road work. The arbitrator further found Appellee met its burden for the maintenance shop HVAC replacement and

---

[2] The items included insurance, taxes, playground equipment, trash truck, maintenance truck, pool/beach picnic area work, addition of a maintenance shop HVAC, driveway replacement, work completed on the pier/walkway, repairs to the lift station, road work, the bulkhead stabilization, and operating and maintenance expenses.

[3] 25 *Del. C.* § 7053 (previously 25 *Del. C.* § 7043) provides a community owner proposing a rent increase must hold a final meeting.

[4] Consumer Price Index For All Urban Consumers in the Philadelphia-Wilmington-Atlantic City area. 25 *Del. C.* § 7052

[5] 25 *Del. C.* § 7053.

the bulkhead stabilization project. The bulkhead project is the center of Appellants' argument on appeal.

Following the Arbitrator's decision, Appellants appealed to this Court.[6] Appellants raised three questions on appeal: (1) whether the arbitrator erred in holding that the rent increase was directly related to operating, maintaining, or improving the community; (2) did the arbitrator err in awarding Appellee a rent increase for the bulkhead stabilization project because it was ordinary repair, replacement and maintenance; (3) if the bulkhead stabilization was a capital improvement, can the amount of the cost be recovered in one year and the rent increase be permanent. On May 31, 2019, the Court stayed the appeal pending the decision of the Delaware Supreme Court in *Sandhill Acres MHC LC v. Sandhill Acres Home Owners Association.* The *Sandhill* decision answered Appellants' first question, leaving this Court to address the other two questions.[7]

On June 20, 2019, Appellants filed their Motion to Supplement the Record, seeking to introduce evidence not previously considered by the Arbitrator. The Court denied their request.[8] Following the Court's decision, Appellants submitted their brief. Appellee also moved to strike matters in Appellants' briefs, arguing that Appellants relied on matters outside of the record before this Court. The Court heard oral argument on July 23, 2020 and reserved decision. This is the Court's decision.

### III. PARTIES' CONTENTIONS

Appellants present multiple arguments as to why the arbitrator's decision should be reversed. First, Appellants contend the arbitrator erred as a matter of law in holding that any of

---

[6] Section 7054 allows the affected homeowner to appeal the decision of the arbitrator to the Superior Court in the county of the affected community. 25 *Del.C.* § 7054 (previously 25 *Del. C.* § 7044).

[7] *See* Appellants' Supplemental Reply Br. p. 1.

[8] *Iacona v. Hometown Rehoboth Bay, LLC*, 2019 WL 4740522, at *2 (Del. Super. Ct. Sept. 27, 2019).

Appellee's proposed rent increase is directly related to operating, maintaining or improving the manufactured home community.

Appellants also contend the work done on the bulkhead constituted ordinary repair and maintenance and, therefore, would not satisfy the requirements under 25 *Del. C.* 7052(c)(1). Appellee argues the bulkhead stabilization project constituted capital improvement and rehabilitation work.

Appellants also argue the arbitrator erred by not ordering Appellee to turn over certain documents. The arbitrator reasoned he lacked the authority to order production of the materials. Appellants contend this error warrants remand of the case.

Appellants also contend the awarded rent is so high that it must be amortized over a reasonable time period. They argue over time, the rent increase will exceed the costs incurred by Appellee. Appellee contends they are entitled to the rent amount awarded by the arbitrator and there is nothing in the Rent Justification Act that precludes it.

## IV. <u>DISCUSSION</u>

Before turning to the merits of the appeal, the Court will first address Appellee's motion to strike matters outside the record. Appellants attempt to provide evidence of their demands of their discovery requests. Appellants requested documents prior to arbitration; however, the arbitrator did not order production.[9]

It is now settled that arbitrators have the authority to order production of relevant documents during arbitration proceedings.[10] However, it is the Court's opinion that had Appellee provided the documents Appellants requested, the outcome would be the same. Appellee provided

---

[9] The arbitrator stated he lacked the authority to compel discovery. *See* App.'s Br. February 16, 2017 Tr.
[10] *Donovan Smith HOA v. Donovan Smith MHP, LLC,* 2018 WL 3360585, at *2 (Del. July 10, 2018); *Wild Meadows MHC, LLC v. Weidman,* 2020 WL 3889057, at *9 (Del. Super. Ct. July 10, 2020).

a voluminous amount of documentation in support of the rent increase at the final meeting and at arbitration. That documentation provided the prior year's amount, the amount of the current year at issue, along with an explanation for the difference in increase. It further covered all material factors as set forth by the Act.

Although an arbitrator has the authority to order production, that authority does not justify a fishing expedition.[11] The January 6, 2017 transcript excerpt recently provided by Appellants shows Appellants wanted more information from Appellee at the meetings. The excerpt proves Appellee provided additional information and Appellants were still not satisfied.[12] Moreover, without reviewing the entirety of the packet, Appellants determined it did not have all of the requested information.[13]

The arbitrator determined Appellee provided evidence supporting each of the material factors, satisfying its burden. Moreover, the record supports a finding that Appellee provided a substantial amount of records to the Appellants.[14] As the Supreme Court has previously noted, the "statutory requirement is a modest one, which only requires the landowner to produce evidence suggesting that the 'return' on its 'property' has declined."[15] The arbitrator had enough evidence to make a decision. Based on the record, remanding the case to compel discovery would be futile.

---

[11] The Court in *Sandhill* a community owner is not in the position to deny a "reasonable" request. ("[A] community owner seeking a rent increase would not be in any equitable or legal position to resist a reasonable request for information about its costs and profit margins.") *Sandhill Acres MHC, LC v. Sandhill Acres Home Owners Ass'n*, 210 A.3d 725, 731 (Del. 2019).

[12] January 6, 2017 Tr. p. 11.

[13] Appellant Iacona, when asked by the arbitrator whether two of the matters in Appellants' discovery motion were satisfied by the additional exhibits provided by Appellee, responded, "I have not had enough time to review the whole packet. But just briefly going through it, I noticed it is not complete to what we asked" January 6, 2017 Tr. p. 11.

[14] At arbitration, Appellant Weymouth referred to the information provided by Appellee as a "data dump." App.'s Br. February 16, 2017 Tr. p. 7.

[15] *Bon Ayre Land, LLC v. Bon Ayre Cmty. Ass'n*, 149 A.3d 227, 235–36 (Del. 2016).

Furthermore, it is Appellants' burden to show they made a proper discovery request. Appellants wanted more information than what was provided[16]; however, there is insufficient evidence to find Appellants made a proper request before the arbitrator. Appellants filed a motion for discovery at arbitration; however, that motion is not part of the record before the Court.[17] Therefore, this Court cannot determine whether Appellants' request was relevant and specific such that it should have been granted.

The Court will now turn to the merits of the appeal. Pursuant to section 7054, "the appeal shall be on the record and the Court shall address written and/or oral arguments of the parties as to whether the record created in the arbitration is sufficient justification for the arbitrator's decisions and whether those decisions are free from legal error."[18]

The Rent Justification act provides several requirements that must be met in order to increase the rent in a manufactured home community. First, the community owner must not have been in violation of any health or safety regulation. Once the community owner satisfies that threshold, the community owner must prove that the proposed rent increase is directly related to operating, maintaining or improving the community.[19] After meeting the first two requirements, the community owner must then justify the cost increases by one of more of the factors set forth in 25 *Del C.* 7052 (c).

Section 7052 subsection (c) provides that one or more of several factors may be met to justify a rent increase. One of those factors include the completion and cost of any capital

---

[16] January 6, 2017 Tr. pp. 5-7.
[17] *Id.* at 11.
[18] 25 *Del. C.* 7054.
[19] 25 *Del C.* § 7052 (previously 25 *Del. C.* § 7042).

improvements or rehabilitation work in the manufactured home community, as distinguished from ordinary repair, replacement, and maintenance.[20]

When considering whether the arbitrator's decision is supported by substantial evidence, the Court must address each of the threshold requirements discussed above. Here, the arbitrator found no violation of a health or safety regulation and this is not the issue in the current appeal. Therefore, the Court will move on to the "directly related" requirement. The Delaware Supreme Court has interpreted the "directly related" requirement to mean that the "community owner must have "seen its costs increase for 'operating, maintaining or improving the manufactured home community,' the idea being that the community owner's expected returns must have declined due to that increase in costs."[21]

In *Sandhill Acres MHC, LC v. Sandhill Acres Home Owners Association*, the Court explained:

> To make a prima facie case that a rent increase is directly related to improving the community—a requirement that we have previously described as "modest"—it suffices for the community owner to offer evidence that in making some capital improvement, the community owner has incurred costs that are likely to reduce its expected return.[22]

Here, Appellee offered evidence including itemized invoices and photographs showing it incurred costs related to work done in the community. Appellants failed to offer contrary evidence at arbitration to show Appellee's rent increase was not related.[23] Based on the evidence the arbitrator had before him, the arbitrator correctly found the costs satisfied the directly related requirement. Therefore, the Court will move to Appellants' next argument and the third requirement Appellee must satisfy.

---

[20] 25 *Del. C.* § 7052(c)(1).
[21] *Sandhill Acres MHC, LC v. Sandhill Acres Home Owners Ass'n*, 210 A.3d 725 at 727.
[22] *Id.* (citing *Bon Ayre Land, LLC v. Bon Ayre Cmty. Ass'n*, 149 A.3d 227, 234–35 (Del. 2016)).
[23] Arbitrator's Decision, p. 3.

A community owner must also prove one of more of the factors listed in 25 *Del. C.* § 7052(c). Appellee relied on 25 *Del. C.* § 7052(c)(1), which states:

> The completion and cost of any capital improvements or rehabilitation work in the manufactured home community, as distinguished from ordinary repair, replacement, and maintenance.

The bulkhead was no longer stable and required substantial work. The arbitrator determined the work done on the bulkhead went beyond ordinary repair, stating, "….this seems to be an extraordinary job by any reasonable definition, and fit more properly in the category of rehabilitation work."[24] Moreover, the project involved a near complete replacement of the bulkhead.[25] The Court agrees with the arbitrator's finding the bulkhead project goes beyond ordinary repair. Appellants provided no competing evidence, which brings this Court to the conclusion that the evidence in the record supports the arbitrator's decision the work done on the bulkhead constitutes a capital improvement or rehabilitation work, rather than ordinary repair, replacement, and maintenance.

Furthermore, the Court finds the arbitrator's award to be appropriate. The arbitrator, in light of the improvements and costs, determined the rent increase of $76.32 per month to be appropriate. Although Appellants argue the increase is unreasonable, a review of the record shows Appellants did not provide evidence to be considered at arbitration. The arbitrator must make a decision based on the evidence before him and the Appellee provided multiple forms of evidence to support the arbitrator's award.

The main issue raised by Appellants involves the bulkhead stabilization project; however, the Court affirms the arbitrator's findings as to the other items. The arbitrator denied some of the

---

[24] Arbitrator's Decision, pp. 8, 9.
[25] The cost totaled $459,165.85. *See* Arbitrator's Decision, p. 8.

items for which Appellee sought a rent increase; however, no appeal was taken. As to the other items granted, the arbitrator noted that Appellants did not provide any evidence to rebut Appellee's evidence. Therefore, the Court concludes the arbitrator's decision is supported by substantial evidence and free of legal error.

## V. **CONCLUSION**

Considering the foregoing, the arbitrator's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
Richard F. Stokes, Judge

FILED PROTHONOTARY
SUSSEX COUNTY
2020 AUG -6 A 10: 16